IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                         CRIMINAL CASE NO.: 3:21-CR-79-SA-8

DEXTER RAY                                                                                      DEFENDANT

ORDER

Now before the Court is Dexter Ray's *pro se* Motion [415] seeking a sentence reduction pursuant to United States Sentencing Guideline Amendment 821. The Government opposes Ray's request. Having reviewed the filings, the Court is prepared to rule.

On August 25, 2021, Ray, along with eight other Defendants, was charged with participation in a substantial drug distribution conspiracy. He ultimately pled guilty to Count Twelve, which charged him with distribution of in excess of five grams of methamphetamine. On April 5, 2023, the Court sentenced Ray to serve a term of imprisonment of 78 months to be followed by four years on supervised release. See [336].

Ray is currently housed at FPC Montgomery with an anticipated release date of March 3, 2027. *See* https://www.bop.gov/inmateloc. In his Motion [415], Ray requests relief pursuant to Part B of Amendment 821. He contends that his offense "was a non-violent crime, no firearms were involved in the offense." [415] at p. 1. He also asserts that he "does not meet any of the 10 circumstances which could make him ineligible for this relief." *Id*.

Part B of Amendment 821 created Guideline Section 4C1.1, which makes eligible for a reduction certain zero-point offenders. *See* U.S.S.G. § 4C1.1. However, this new guideline section does not help Ray. He was not a zero-point offender at the time he committed the instant offense. His Presentence Investigation Report [337] reveals that he was convicted for conspiracy to commit

auto burglary in 1997. He received three points for that offense. Ray was not a zero-point offender and therefore is ineligible for a sentence reduction under Part B of Amendment 821.[1]

Additionally, even if Ray could establish eligibility, the Supreme Court has instructed lower courts to consider any applicable 18 U.S.C. § 3553(a) factors and determine whether the reduction is warranted under the particular circumstances of the case. *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010).

Here, the Section 3553(a) factors counsel heavily against Ray's request. In particular, the nature and circumstances of this offense are quite serious. Ray was involved in distribution of a substantial amount of actual methamphetamine. Indeed, the parties agreed, pursuant to Rule 11(c)(1)(C), that at least 50 grams was attributable to Ray. This is a serious offense that warrants the imposed sentence.

The Court additionally finds the need for the imposed sentence to be high. The sentence is necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. The Court also has an obligation to protect the public from further crimes of the Defendant. The imposed sentence aids in achieving that result. The Section 3553(a) factors weigh against a sentence reduction.

Ray's Motion [415] is DENIED. His sentence will not be modified.

SO ORDERED, this the 11th day of August, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Although Ray did not seek relief under Part A to Amendment 821, the Court also notes that he would be ineligible for relief under that Part because he did not receive any "status points." Furthermore, the Court does not find it necessary to appoint counsel to represent Ray for purposes of pursuing relief under Amendment 821 in light of his clear ineligibility under either Part of the Amendment.